UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HERMAN R. MELANSON, d/b/a ) <br> MELANSON BOAT SHOP, ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> WILLIAM T. NELSON et al., ) <br>   ) <br> Defendants. ) | Civil Action No. 11-11673-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                       December 14, 2011

For the reasons set forth below, the Court: (1) allows Plaintiff's Motion to Proceed *in forma pauperis*; (2) directs that the instant complaint be dismissed unless Plaintiff files an amended complaint curing the pleading deficiencies noted herein; and (3) orders that no summonses shall issue until further Order of the Court.

### BACKGROUND

On September 20, 2011, Plaintiff Herman Melanson ("Melanson") filed a handwritten complaint accompanied by a Motion to proceed *in forma pauperis*. The complaint consists primarily of a listing of the names of the twenty-five defendants as well as the allegations which can be found in a paragraph that reads as follows:

> This case has issues that involves violations of federal laws, Acts and Treaty.  In the Federal Port of Ipswich #(282) MA 01938.  In the federal port shipyard area of (#282) to Herman Melanson[;] Melanson Boat Shop[,] 27 Water Street[,] Ipswich, MA 01938.  Protected by Treaty of 1783 Nationwide to Date 28 U.S.C. § 1331 Pre-1968.

Although the complaint states that federal laws are involved in this action, no specific laws

are referenced in the complaint. In the civil cover sheet accompanying the complaint, plaintiff marked the box for an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). See civil cover sheet, § IV (nature of suit). In the section labeled "Cause of Action," Melanson references "47 USC 470" and writes "unauthorized use of federal port shipyard land, wharves and buildings." Id. at § VI (cause of action).

As best can be gleaned from the state court record, the present dispute concerns an Ipswich boat shop that Melanson previously owned. See Harrington v. Melanson, No. 08-P-1460, 75 Mass. App. Ct. 1116, 918 N.E.2d 97 (Dec. 12, 2009). The shop included a residential apartment where Plaintiff lived with his mother. Id. Melanson conveyed the property to Arthur Harrington, subject to a life estate to be held by Melanson's mother. Id. Melanson's mother died in the late 1990s and Melanson continued to live in the premises. Id. In 2007, Harrington filed a summary process action to evict Melanson. Id. The state court entered judgment for Harrington[1] and, by Order dated December 9, 2009, the Massachusetts Appeals Court affirmed. Id.

## DISCUSSION

### I.   Motion to Proceed In Forma Pauperis

Melanson filed a Motion to Proceed *in forma pauperis* stating that his sole source of income is from social security benefits. He does not own anything of significant value. On this record, the Motion to Proceed *in forma pauperis* is Granted.

### II.   Review

Because Melanson seeks to file his complaint without prepayment of the filing fee, the Court

---

[1] Because Arthur Harrington died during the lower court proceedings, his widow, Joanne Harrington, was substituted as party plaintiff.

will review his complaint to determine if it satisfies the substantive requirements of the federal in forma pauperis statute. See 28 U.S.C. § 1915. Section 1915 of title 28 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

### III. Melanson's Complaint is Subject to Dismissal

Upon review of the complaint, this Court finds that the action is subject to dismissal. In large measure, the complaint is incomprehensible and fails to comply with the Federal Rules of Civil Procedure. Even reading Melanson's complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), due to his *pro se* status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n.l (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96 (1972)), the Court is unable to discern any basis on which jurisdiction exists in this matter. See Mills v. Brown, 372 F. Supp. 2d 683, 688 (D.R.I. 2005) ("A party seeking relief in a district must at least plead facts which bring the action within the court's jurisdiction.")(citing Fed. R. Civ. P. 8(a)(1)); see also Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (noting that "pro se status does not insulate a party from complying with procedural and substantive law. The policy behind affording *pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled.") (citation omitted).

Melanson has not complied with Rule 8(a) of the Federal Rules of Civil Procedure. Under

Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a).  Here, Melanson named twenty-five defendants in the complaint.  However, he merely lists the defendants and has not alleged any facts concerning any of these defendants.

To the extent this action is brought pursuant to 47 U.S.C. § 470, such a statute does not exist. The Court notes that title 47 of the United States Code concerns Telegraphs, Telephones and Radiotelegraphs.

To the extent plaintiff seeks to assert a civil RICO claim, his complaint must allege: "(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity." Giuliano v. Fulton, 399 F.3d 381, 386 (1st Cir. 2005) (quoting Kenda Corp. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 233 (1st Cir. 2003)).

An "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  Given the absence of any factual allegations, it goes without saying that Melanson has not alleged that the twenty-five defendants constitute an "enterprise."

To plead a "pattern of racketeering activity," a plaintiff must allege two predicate acts of racketeering activity which occurred within ten years of each other.  18 U.S.C. § 1861(5).  Predicate acts are acts indictable under any one or more of certain laws specified in 18 U.S.C. § 1961(1).  A complaint must identify the predicate act on which the plaintiff bases his claim--the plaintiff may not simply "file a RICO action, chant the statutory mantra, and leave the identification of predicate acts to the time of trial." Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997) (quoting Feinstein

v. Resolution Trust Corp., 942 F.2d 34, 42 (1st Cir. 1991)).

Here, the complaint fails to comply with the pleading requirements of the Federal Rules of Civil Procedure and fails to state a RICO claim. Instead of dismissing the complaint immediately, the Court directs that Melanson may file an Amended Complaint curing the pleading deficiencies noted herein within 35 days of this Order. If Melanson elects to do this, the amended complaint must comport with the requirements of Rule 8(a) and for every defendant that he names, he must identify particular misconduct by that defendant. If no amended complaint is filed, this case will be dismissed for the reasons stated above.

## ORDER

Accordingly, it is hereby ORDERED that:

1) The motion (Docket No. 2) for leave to proceed *in forma pauperis* is granted;

2) If Plaintiff wishes to proceed with this action, he must, within 35 days of the date of this Order, file an Amended Complaint curing the pleading deficiencies noted herein. If he fails to do so, this case will be dismissed for reasons stated above; and

3) No summonses shall issue pending further Order of the Court.

**SO ORDERED.**

                                        /s/ Denise J. Casper
                                        Denise J. Casper
                                        United States District Judge